IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | ) **CRIMINAL CASE NO. CF0208-09** |
| | ) |
| vs. | ) **DECISION & ORDER RE:** |
| | ) **PEOPLE'S MOTION FOR** |
| ARTHUR JOSEPH OJEDA, | ) **RECONSIDERATION OF** |
| | ) **THE ORDER REQUIRING** |
| Defendant. | ) **A BILL OF PARTICULARS** |
| | ) |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on April 8, 2013 for a hearing on the People's Motion to Reconsider the Order Requiring a Bill of Particulars filed on February 14, 2013 (hereinafter "Motion"). Arthur Joseph Ojeda (hereinafter "Defendant") was present and represented by Assistant Public Defender Peter Sablan, and Assistant Attorney General Matthew Heibel represented the People.

After reviewing the People's Motion, the Defendant's original Motion for a Bill of Particulars filed on August 31, 2012, and the two Oppositions filed by the People in response; the earlier order issued by the Honorable Elizabeth Barrett-Anderson ("Judge Barrett-Anderson") requiring a bill of particulars; the applicable statutes and case law; and, having heard oral argument from both parties, this Court finds that Defendant's request for a bill of particulars was properly granted and hereby DENIES the People's Motion to Reconsider the Order Requiring a Bill of Particulars.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was indicted on May 1, 2009 on two (2) charges and eight (8) counts of First Degree Criminal Sexual Conduct and three (3) charges and thirteen (13) counts of Second Degree Criminal Sexual Conduct, all as First Degree Felonies. At the conclusion of closing

arguments on December 10, 2009, Judge Barrett-Anderson dismissed two (2) counts of the second charge of First Degree Criminal Sexual Conduct and two (2) counts of the second charge of Second Degree Criminal Sexual Conduct. The jury returned on December 16, 2009 and found the Defendant guilty on fourteen (14) of the seventeen (17) remaining counts. At sentencing on August 16, 2010, the guilty verdict on the three (3) counts of the fifth charge were vacated due to merger for sentencing purposes. Defendant was sentenced to thirty (30) years imprisonment, without the possibility of parole.

Defendant filed a Notice of Appeal on December 20, 2010 to the Supreme Court of Guam appealing his conviction and sentence on the basis that his offered evidence of the minor victim's prior sexual assault and alleged sexual behavior was improperly excluded under Guam's rape shield statute (6 GCA § 8207) because it violated his Sixth Amendment right to confrontation. The Supreme Court of Guam agreed with Defendant and on December 23, 2011 reversed his convictions and ordered the judgment after trial vacated. *The People of Guam v. Arthur Joseph Ojeda*, 2011 Guam 27. The case was remanded to this Court for a new trial and further proceedings consistent with the Supreme Court's decision.

Upon remand, the Defendant filed a Notice of Motion and Motion for Bill of Particulars on May 25, 2012. Notwithstanding two Oppositions filed by the People on June 15, 2012 and September 19, 2012, respectively, Judge Barrett-Anderson granted Defendant's Motion for Bill of Particulars at a hearing on October 2, 2012. After Judge Barrett-Anderson's retirement, an Order requiring the People to file said Bill of Particulars within 30 days was executed by this Court on January 28, 2013 *nunc pro tunc* to October 2, 2012. The People filed this instant Motion to Reconsider on February 14, 2013.

## LAW AND ANALYSIS

The law clearly provides this Court discretionary authority to order the Government to provide a bill of particulars as necessary for the defendant to adequately prepare a defense. The pertinent statute reads as follows:

> Whether or not an indictment or information complies with § 55.10, if it fails to specify the particulars of the offense sufficiently to enable the defendant to prepare his defense, the court **may**, on motion of the defendant, require the prosecuting attorney to furnish the defendant with a clarification of the pleading containing such particulars as may be necessary for the preparation of the defense.

8 GCA § 55.30 (2005)(emphasis added). *See also Will v. United States*, 389 US 90, 99 (1967). The purpose of the bill of particulars is "to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F2d 1044, 1054 (9th Cir. 1983).

This Court only has before it the five charges and twenty-one counts contained in the original indictment for which the Defendant has already faced a trial. A review of the record indicates that the People cannot go to trial on this original indictment because Defendant was acquitted by the jury of three counts and four charges were dismissed by Judge Barrett-Anderson at the conclusion of the trial. *See* Recording Log of Jury Trial—Day 4 (Dec. 9, 2009) and Jury Verdict Forms (Dec. 16, 2009). To go to trial upon the original indictment would be a clear violation of Defendant's Fifth Amendment right against double jeopardy. In the absence of an amended or superceding indictment, which the People have not provided, Defendant has no assurance that he will not be forced to answer for the same charges or factual allegations twice. Nor, is it clear to this Court or the potential jury what charges and facts the People seek to prove at retrial.

The People have repeatedly responded to this contention at oral arguments by stating that the voluminous record and completed first trial provide sufficient notice to Defendant of what charges remain and which ones he will be asked to answer to at a second trial. *See* Recording Log of Hearing on Defendant's Motions to Appoint Expert, for Bill of Particulars, and to Compel Discovery (Oct. 2, 2012) and Recording Log of Hearing on People's Motion to Reconsider Order Requiring a Bill of Particulars (Apr. 8, 2013). The People also posit that the Defendant need only sift through the record of the instant case in order for him to be apprised of the charges he faces. Not surprisingly, the People have not cited to any authority to justify shifting the burden in a criminal action to a defendant to inform himself of the charges against him because such a requirement would be absurd, not to mention a violation of the Defendant's Sixth Amendment right ". . . to be informed of the nature and cause of the accusation. . . ." Finally, to proceed on the original indictment would violate 8 G.C.A. §55.10(a) requiring that an indictment ". . . shall be a plain, concise, and **definite** written statement of the essential facts constituting the offense charged. . . ." 8 GCA § 55.10(a) (2005)(emphasis added). In the instant case, the indictment is *prima facie* indefinite if it alleges charges of which Defendant has already been acquitted or for which the People have previously failed to present sufficient evidence.

The People's reliance in their Oppositions and in the instant Motion upon an inability to plead the alleged dates of particular acts is misplaced. Defendant informed the Court at oral argument that at least one alleged act presented at the first trial occurred during a time when Defendant was incarcerated. Recording Log of Hearing *supra* (Apr. 8, 2013). Consequently, Defendant's ability to present a defense of impossibility was jeopardized due to the "surprise at trial" referenced by the Ninth Circuit in *Long*. Finally, the People's ability to particularize the

alleged acts committed by Defendant are not restricted to exact dates, times, and locations. Both Defendant and Judge Barrett-Anderson have noted previously that the evidence presented at the first trial allowed the parties to distinguish between at least some of the allegations on the basis of location and the People were further able to prove at least some such allegations beyond a reasonable doubt. Recording Log of Hearing *supra* (Oct. 2, 2012)(alleged acts included those which took place after a baseball game, in the jungle, and in an abandoned home).

In light of the foregoing statements of law and fact and based upon the availability of a thorough record of the Defendant's earlier trial, the People have yet to present any cognizable reasons for why a bill of particulars cannot be produced nor why this Court's earlier decision granting a bill of particulars should be disturbed.

**IT IS HEREBY ORDERED** that People's Motion to Reconsider the Order Requiring a Bill of Particulars is **DENIED** and the People are **ORDERED** to produce a Bill of Particulars for the retrial of Defendant Arthur Joseph Ojeda within 30 days from the issuance of this Order.

**SO ORDERED this 28th day of October, 2013.**

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

Page 5 of 5